UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

CLIFTON LEE ROSE,

      Plaintiff,    Case No. 2:18-cv-11600
             Honorable David M. Lawson
    v.        Magistrate Judge David R. Grand

SHIRLEY LOQISE IVEY,
       Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISMISS
## PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE

### I.  RECOMMENDATION

*Pro se* plaintiff Clifton Lee Rose ("Rose") filed a complaint on May 22, 2018, identifying a "contract" as the basis of his suit, although the body of his complaint raises uncertainty as to the actual basis for his action.  (Doc. #1).  It seemed as though Rose's claims might actually be a probate challenge, and implicate the "probate exception" to this Court's subject matter jurisdiction.  In an order issued on September 28, 2018, the Court explained that it was unable to evaluate its subject matter jurisdiction over Rose's claims, and it ordered Rose to "file an amended complaint containing allegations sufficient to establish this Court's subject matter jurisdiction over his claims."  (Doc. #5 at 4).  Rose failed to file anything in response to the Court's order.  Accordingly, for the reasons

discussed below, the Court RECOMMENDS that the complaint be DISMISSED

WITHOUT PREJUDICE.

## II.    REPORT

### A. Background

On May 22, 2018, Rose filed his complaint, which reads in full:

> When our farther [sic] died at the end of 2016 the liveing [sic] trust
> said that his house was to go into the living trust but my sister
> Shirley said the liveing [sic] trust said nothing about any account in
> georgia [sic] where she had in an account with her.  I think I can
> show he was not in his right mind when he put the money in an
> account with her [.]

(Doc. #1 at 5).

Rose requests the following relief: "Order Shirley Ivey to pay me (100,000)

one hundred thousand dollars."  (*Id.* at 8).

On September 28, 2018, the Court issued an order for Rose to provide

additional information required for the Court to assess subject matter jurisdiction.

(Doc. #5).  In the order, the Court explained in detail its concerns about whether

the "probate exception" bars subject matter jurisdiction over Rose's claims, and

that it was "unable to conclusively evaluate that issue without Rose providing

additional information about (1) the nature and timing of any alleged wrongful

conduct by Ivey, including how they relate to his father's probate estate and its

administration; (2) whether the assets in question are part of the "res," *i.e.*, his

father's probate estate; and (3) the status of his father's probate estate."  (*Id.* at 4).

2

Because the "plaintiff bears the burden of establishing a court's subject matter jurisdiction over a claim," *Shea v. State Farm Ins. Co.*, 2 Fed.Appx. 478, 479 (6th Cir. 2001), the Court gave Rose until October 26, 2018 to file an amended complaint containing allegations sufficient to establish this Court's subject matter jurisdiction over his claims.  (Doc. #5).   Rose not only failed to file such an amended complaint, he filed nothing in response to the order.

The order's final sentence reads, "Rose is hereby warned that his failure to plead sufficient allegations to establish this Court's subject matter jurisdiction will result in the Court issuing a Report and Recommendation to dismiss his complaint."  (Doc. #5 at 4).

### B. Legal Standards

The law is clear that "a federal court is always 'under an independent obligation to examine their own jurisdiction,' *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction.   *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).   Indeed, a court is required to dismiss an action at any time if it lacks subject-matter jurisdiction.   *See* Fed. R. Civ. P. 12(h)(3); *See Wagenknecht v. United States*, 533 F.3d 412, 416 (6th Cir. 2008) ("a district court may *sua sponte* dismiss an action when it lacks subject

matter jurisdiction.")." *Roberts v. Fed. Nat'l Mortg. Ass'n*, No. 18-10740, 2018 WL 1399264, at *1 (E.D. Mich. Mar. 20, 2018).

Further, federal Rule of Civil Procedure 41(b) permits dismissal for "failure of the plaintiff to comply with these rules or with any order of the court." Fed.R.Civ.P. 41(b)(4).  Rule 41 also permits dismissal if a plaintiff fails properly to prosecute an action.  (*Id.*).  The Court also has inherent power to control its docket. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962).  The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999)).  The Sixth Circuit has established a four-factor test to determine whether a case should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  *Knoll*, 176 F.3d at 363.  Those factors are: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."  *Id.*

Under these standards, dismissal of Rose's complaint is proper.

### C. Analysis

### i.   Rose Failed to Establish the Court's Subject Matter Jurisdiction

The Court incorporates by reference the analysis from its previous order regarding the "probate exception" to subject matter jurisdiction. (*See* Doc. #5). As the Court explained, "[f]rom the face of his complaint, it seems Rose may be challenging the administration of his late father's estate, both with respect to his father's house and money that was held in a Georgia bank account." (*Id.* at 1). But, "a federal court has no jurisdiction to probate a will or administer an estate." *Markham v. Allen,* 326 U.S. 490, 494 (1946). *See also Osborn v. Griffin*, 865 F.3d 417, 434 (6th Cir. 2017); *Wisecarver v. Moore*, 489 F.3d 747, 751 (6th Cir. 2007); *Lepard v. NBD Bank, a Div. of Bank One*, 384 F.3d 232 (6th Cir. 2004). As the Sixth Circuit further explained, "[c]laims regarding the administration of a trust fall squarely within the exclusive jurisdiction of the [applicable state's] probate courts." *Lepard, supra* (citing Mich. Comp. Laws Ann. § 700.1302 ("The [probate] court has exclusive legal and equitable jurisdiction [over] ... (b) [a] proceeding that concerns ... the administration ... of a trust[.]")).

"[T]o the extent Rose's claims against his sister relate to the proper distribution of the assets comprising his late father's estate, the "probate exception" discussed above would seemingly apply, resulting in this Court not having subject matter jurisdiction over Rose's complaint." (Doc. #5 at 4). Rose

failed to provide the additional information this Court requested clarifying (1) the nature and timing of alleged wrongful conduct by Ivey, and how it relates to his father's probate estate and its administration; (2) whether the assets in question are part of his father's estate; and (3) the status of his father's probate estate. (*Id.*). Thus, at a minimum, Rose has failed to satisfy his burden of establishing this Court's subject matter jurisdiction, *Shea*, 2 Fed.Appx. at 479, and the Court should dismiss the case *sua sponte*. *Roberts*, No. 18-10740, 2018 WL 1399264, at *1.

### ii.    Failure to Prosecute

Dismissal for failure to prosecute is also proper. With respect to the first factor of the test, despite the Court warning Rose that his failure to file an amended complaint would result in a recommendation that his case be dismissed, he did not file an amended complaint. Nor did he provide any other information which might establish this Court's subject matter jurisdiction. While it is not clear that Rose's failure to respond was done in bad faith, it is "certainly willful and with fault." *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 U.S. Dist. LEXIS 68040, *3 (E.D. Mich. May 14, 2013). As to the second factor, there is little prejudice to the defendant, Shirley Ivey, as Rose's failure simply results in a delay in the litigation. However, the third and fourth factors weigh heavily in favor of dismissal, as Rose has been given a clear warning that the case would be dismissed if he did not take the appropriate measures to establish that this Court has subject matter jurisdiction.

Because the Court cannot properly proceed with the case without its subject matter jurisdiction having been established, "dismissal is the only appropriate remedy." (*Id*).

## III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Rose's complaint be **DISMISSED WITHOUT PREJUDICE**.

Dated: November 1, 2018        s/David R. Grand
Ann Arbor, Michigan          DAVID R. GRAND
                                   United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th

Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email and First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 1, 2018.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager